**Richard USENIA, Jr.**

v.

**George A. VOSE, Jr., Director, State of Rhode Island Department of Corrections et al.**

**No. 95–126–C.A.**

Supreme Court of Rhode Island.

Nov. 22, 1996.

Gregory J. Acciardo, for Plaintiff.

Annie Goldberg, Spec. Assistant Attorney General, Aaron Weisman, Assistant Attorney General, for Defendant.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument on October 11 1996, pursuant to an order directing the applicant to appear and show cause why the issues raised by this appeal should not be summarily decided. The applicant, Richard Usenia, Jr. (Usenia), appeals from the denial of his application for post-conviction relief pursuant to G.L.1956 chapter 9.1 of title 10. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown and that the issues raised by this appeal will be decided at this time.

Usenia was one of three men charged with robbing a pizza restaurant in Cumberland, Rhode Island, in December of 1986 in violation of G.L.1956 § 11–39–1.[1] During the course of the robbery Richard Dube, a restaurant employee, was allegedly hit over the head with a rock. Prior to trial the state offered all three men a plea-bargain agreement whereby in exchange for nolo contendere pleas from all three the perpetrator who

---

**1.** Alexander Usenia and Martin White were also indicted for their participation in the 1986 robbery. Alexander Usenia (Alex) is the younger brother of applicant.

struck Dube would serve a sentence of five years imprisonment and the other two perpetrators would receive ten-year suspended sentences. When the offer expired without having been accepted, the case proceeded to trial. Subsequently a jury found Usenia guilty of robbery. A trial justice sentenced Usenia to twenty-five years' imprisonment, with fifteen years to serve, ten years suspended, and ten years' probation. This court later affirmed that conviction. *State v. Usenia,* 599 A.2d 1026 (R.I.1991).

■ Usenia's sole contention on appeal is that the hearing justice erred by not granting him post-conviction relief based upon his claim that defense counsel had failed to inform him before trial of the state's then-pending plea offer. The state does not dispute the claim that post-conviction relief is an appropriate remedy when defense counsel fails to inform a client, who is then subsequently convicted, of a plea agreement offered by the state. *See United States v. Rodriguez Rodriguez,* 929 F.2d 747, 752 (1st Cir.1991); *see also State v. Tooher,* 542 A.2d 1084, 1088 (R.I.1988) (ineffective assistance of counsel is more appropriately raised in a motion for post-conviction relief). Rather, the state contends that Usenia was denied post-conviction relief because the hearing justice determined that defense counsel had informed him of the state's offer, but that he had failed to accept it.

Our review of the record substantiates the state's argument. At the post-conviction-relief proceeding the hearing justice specifically stated that he did not believe Usenia's testimony but accepted as "entirely truthful" the statement of defense counsel that prior to trial Usenia had been fully informed of the state's then-pending plea offer. Further, the hearing justice noted that Usenia had lied to the court during his sentencing hearing and that up until the hearing for post-conviction relief Usenia had failed to confess to anyone, least of all defense counsel, that it was he who had struck the restaurant employee. The hearing justice also noted that Usenia was intimately familiar with the plea-bargaining process, having previously pled guilty to a number of offenses involving plea-

bargain agreements. The hearing justice found Usenia's claim that he had not pressed his trial attorney for an explanation when his attorney responded "big time" to Usenia's question regarding the possibility of a plea agreement to be "inconceivable" in light of Usenia's experience with the criminal justice system.

Nonetheless Usenia argues that the hearing justice overlooked material evidence by failing to address the testimony of Special Assistant Attorney General Steven Murray (Murray). Murray stated that when he spoke with defense counsel about the proposed plea agreement prior to trial, counsel was "still somehow amazingly unsure [of] what even the [plea] offer was." Usenia also contends that the hearing justice mistakenly concluded that he and his younger brother, Alex Usenia, were estranged at the time of trial. At the hearing for post-conviction relief, Alex testified that his dating Usenia's former girlfriend while Usenia was incarcerated pending trial had created a conflict between the two.[2] Alex also admitted that he had never visited his brother while he was imprisoned. The trial justice noted that Usenia's anger toward his brother may have been a possible motive for his having rejected the state's plea offer, which would have resulted in a suspended sentence for Alex.

■ Essentially Usenia challenges the credibility determinations made by the hearing justice. The credibility determinations of a hearing justice in a proceeding for post-conviction relief are binding upon this court unless the applicant can demonstrate that the hearing justice was clearly wrong. *Fontaine v. State,* 602 A.2d 521, 525–26 (R.I.1992). Because the hearing justice in this case was presented with conflicting accounts of Usenia's knowledge of the state's plea offer before trial, we cannot say he was clearly wrong in crediting one witness's account over the other. *Id.* Further, even if the hearing justice believed that no "serious" conflict existed between Alex and his brother, that belief would not have affected his determination that Usenia had not been truthful about

2. Usenia's former girlfriend is also the mother of his two children.

his pretrial knowledge of the state's plea offer.

██ Usenia's last argument on appeal is that the hearing justice erroneously considered the improbability that a justice of the Superior Court would have approved of the proposed plea agreement. Usenia contends that the hearing justice's evaluation of the likelihood that the plea agreement would have been accepted was an improper basis for the denial of his application for post-conviction relief. It is unequivocally clear from the record, however, that the hearing justice denied the application for post-conviction relief because he found Usenia's testimony entirely unworthy of belief. The hearing justice's additional remarks concerning the acceptability of the proposed plea agreement were not relevant to this determination.

For the reasons stated, the applicant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ., concur.